STATE, PLAINTIFF-APPELLANT, *v.* EUCLID FISH COMPANY, DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26801.  Decided May 21, 1964.

Mr. *William B. Saxbe*, attorney general, and Mr. *Donald A. DeCessna*, assistant attorney general, for plaintiff-appellant.

Mr. *Morton B. Icove*, for the Honorable Theodore H. Williams, Judge of the Cleveland Municipal Court.

SKEEL, C. J.   This appeal comes to this court from a judgment entered for the defendant upon trial of the issues in the Municipal Court of Cleveland.   The trial was to the court, a jury having been demanded but such demand withdrawn or waived before trial.   The defendant was charged with violating the provisions of Section 1533.63, Revised Code, in that it did unlawfully have in its possession a quantity of fish, to-wit: 30 boxes of sauger which were undersized by more than ten per cent by weight.   The court, upon trial, found that the defendant inspected several boxes of the frozen fish upon arrival and found them to be satisfactory for quality and size, and that the remaining boxes of this shipment were never inspected by the defendant and were not in defendant's place of business before inspection by the patrolman for the State of Ohio, Division of Wildlife.   The court stated its finding of law as follows:

"The court believes that it was the intention of the Legislature in using the word 'possession' in the statute, it referred to undersized fish in a fisherman's boat, or fish on the dock, or in the fish house, where the undersized fish would be obvious and apparent upon casual inspection."

This appeal by the State is upon the authority of Section 2945.68, Revised Code, wherein this court granted leave to the Attorney General of the State of Ohio, upon notice to the trial

judge, to file a bill of exceptions and prosecute his claims of error to establish the law of the case.

The Attorney General has set forth the following errors:

"1. Interpretation of Section 1533.63, Revised Code, by Judge Williams, wherein the court stated that the word possession in the statute means, '* * * undersized fish in a fisherman's boat, or fish on the dock, or in the fish house where the undersized fish would be obvious and apparent upon casual inspection' is erroneous.

"2. The order of the trial court wherein, the Judge ordered the fish returned to defendant, although the defendant was found not guilty on grounds other than the size of the fish, and only evidence on the questioned fish length, affirmatively showed, the fish were short under the requirements of Section 1533.63, Revised Code."

The material facts are not in great dispute. The defendant purchased ninety-one boxes of frozen round sauger pike from Northern Lakes Fisheries Co., Ltd., the invoice being dated March 27, 1963, and issued at Winnipeg, Manitoba. On August 5, 1963, an officer of the Division of Wildlife visited the defendant's place of business on East 185th Street in Euclid, Ohio, and there inspected a box of fish then being defrosted for use, the box being one of the boxes of the March 27th shipment from Northern Lakes Fisheries Co., Ltd., in Canada. The officers testified that such inspection disclosed an excessive number of short fish. They then got one of the remaining thirty boxes of the March 27, 1963 shipment then in Sheriff Cold Storage. This box was taken to the business place of the defendant, and there defrosted and inspected. The officers testified that the box containing 145 lbs of fish, fifty pounds or 34.8 per cent, of the fish in the box being less than eleven inches long, which is the minimum length, possession of which is permitted under the provisions of Section 1533.63, Revised Code. By stipulation, as shown by the record, it was agreed by the parties that the remaining fish in the unopened boxes still in Sheriff Cold Storage are the same, "insofar as size and weight are concerned * * * as that found by the representatives of the Department of Natural Resources in the one box that was removed from the aforesaid storage place on August 5, 1963 and

measured and examined by Paul Wynn.'' As to the fish that had been used by the defendant out of the shipment of ninety-one boxes shipped to defendant on March 27, 1963, an officer of the defendant company testified that they had been used in the regular course of defendant's business without complaint which evidence stands unchallenged.

Section 1533.63, Revised Code, in part, provides:

''Except as otherwise provided by the chief of the Division of Wildlife, no person shall * * * possess * * * sauger less than eleven inches in length * * *.

''No person shall buy, sell or * * * possess (a) * * * quantity with more than ten per cent by weight of undersized fish * * * mentioned in this section.''

It is exceedingly doubtful whether or not Section 1533.63, Revised Code, has any application to the circumstances presented by the undisputed facts in this case. Under the law of sales the property in the fish purchased passed from the seller to the buyer upon the appropriation and shipment of the order in Canada to the defendant in Euclid, Ohio. The defendant would, therefore, be subject to any restriction imposed by the law of the Dominion of Canada and Section 1533.63, Revised Code, could have no application until defendant's possession contravened a statutory regulation in Ohio. No law of the Dominion of Canada was violated in this sales transaction. The purpose of the statute here involved is the conservation of the wildlife in Ohio and even though the statute provides. that insofar as applicable, it applies to fish shipped into Ohio, such provision can apply only when the interests of the State in preserving its wildlife are involved.

Section 1533.63, Revised Code, begins with the statement ''except as otherwise provided by the chief of the division of wildlife * * *.'' Just what limitations are thus imposed on the section and whether or not such limitations (if lawfully made) might apply to the possession of certain admittedly short fish possessed by the defendant is not shown in the record nor is the power of the chief of the division of wildlife to make changes in a criminal statute even suggested. Certainly no such power may be delegated to an administrative officer. Statutes defining criminal conduct must be strictly construed in favor of one

charged with its violation and an administrative officer cannot change the application of the statute.

The principal claim made by defendant against Section 1533.63, Revised Code, is that it does not provide for guilty knowledge as an element of the crime therein defined. It is true that certain conduct may be defined as criminal which does not include the element of guilty knowledge. Statutes requiring vendors to furnish pure food and drugs to protect the public health are classic examples of statutes, when clearly stated, and such statutes can be enforced without the requirement or element of "scienter." But unless it is made clearly to appear that the legislature did not intend to require guilty knowledge in defining a crime, the courts will conclude that guilty knowledge was intended.

Section 1533.63, Revised Code, comes within the latter class. A violation of the section will not endanger the public health, morals or safety. No question of public policy would require a purchaser of frozen fish, packed in wooden boxes, where inspection is impossible without destroying the contents of the box for future use, to be charged with knowledge that under-sized fish are contained therein, unless he acts in bad faith. A purchaser in good faith ought not to be charged, as a matter of law, with knowledge of the size of the fish contained in boxes where the merchandise is packed in the usual way and is not available for inspection.

The requirement of criminal intent to violate the provisions of Section 1533.63, Revised Code, was held to be an element of the crime defined therein in the case of *State* v. *Williams*, 94 Ohio App., 249, in which a truck driver was charged with violating the provisions of the section in transporting boxes of frozen fish which violated the provisions of Section 1533.63, Revised Code. The court, after trial of the issues, found the truck driver guilty. The judgment was reversed for failure to show that the truck driver knew he was transporting short fish. This rule of the *Williams case* is applicable to the facts in this case unless it is shown that the purchaser acted in bad faith. We hold that the facts in the case of *Roth* v. *State*, 51 Ohio St., 209, are clearly distinguishable from the instant case and the holding in that case cannot be used as controlling here. In the former case the defendant in the trial court, charged

6

with knowledge of the law, knew when he took possession of six quail in the State of New York that the possession of quail during the off-season was prohibited by the law of Ohio.

It is the conclusion of this court that the judgment of the trial court on the facts as shown by the record was correct although we do not hold that the reasons given for the judgment can be supported.

Judgment affirmed.

SILBERT and WASSERMAN, JJ., concur.